UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOOD RIVER DISTILLERS INC., <br><br> Plaintiff, <br><br> v. <br><br> SLEEPING GIANT BEVERAGE COMPANY INC., doing business as Lewis & Clark Brewing Company, <br><br> Defendant. | No. 2:19-cv-00048-SMJ <br><br> **ORDER DENYING MOTION TO CHANGE VENUE** |

Before the Court is Defendant Sleeping Giant Beverage Company Inc.'s Motion for Transfer, ECF No. 17. Defendant moves to transfer venue under 28 U.S.C. § 1404(a) to the District Court for the District of Montana, specifically to the courthouse located in Helena, Montana. Plaintiff Hood River Distillers Inc. opposes the motion. ECF No. 27. As the Court finds that oral argument is not warranted under Local Civil Rule 7(i)(3)(B)(iii), the Court considered the motion without oral argument on the date signed below. Having reviewed the pleadings and the documents submitted, the Court is fully informed and denies the motion.

**BACKGROUND**

Plaintiff is an Oregon corporation with its principal place of business in Hood

ORDER DENYING MOTION TO CHANGE VENUE - 1

River, Oregon. ECF No. 1, 4. In 2004, Plaintiff obtained the trademark rights to LEWIS & CLARK (the "trademark") from Montana Distillers, which had been using the trademark since at least as early as 1986. *Id.* at 2. Plaintiff sells distilled spirits under the trademark LEWIS & CLARK throughout the United States, including in Spokane, Washington. *Id.* Indeed, each year since 2013, Plaintiff has sold at least 2250 nine-liter cases of spirits branded with the trademark in Spokane, Washington. *Id.*

On October 24, 2004, Plaintiff filed a United States Trademark Application to protect the LEWIS & CLARK trademark for distilled spirits. *Id.* The Patent and Trademark Office initially refused to register Plaintiff's trademark because it alleged "a likelihood of confusion with the mark LEWIS & CLARK LAGER ("lager" disclaimed) in U.S. Registration No. 2940715." ECF No. 1-2 at 2. LEWIS & CLARK LAGER ("lager" disclaimed) was registered to Defendant, a Montana corporation with its principal place of business and corporate headquarters in Helena, Montana. *See* ECF No. 17 at 2.

Plaintiff filed a cancellation petition against Defendant's Registration No. 2940715. ECF No. 1 at 3. It ultimately prevailed and Defendant's Registration No. 2940715 was canceled. *Id.* Plaintiff was then able to obtain Registration No. 3,113,475, registered on July 11, 2006 to trademark LEWIS & CLARK for distilled spirits. ECF No. 1-1 at 2.

Despite knowing that the use of both marks would likely cause confusion, Defendant did not discontinue, and in fact geographically expanded, its use of LEWIS & CLARK LAGER ("lager" disclaimed) for beer. ECF No. 1 at 3. On February 6, 2019, Plaintiff brought this action for (1) federal trademark infringement, (2) Washington state trademark infringement, and (3) federal unfair competition. *Id.* at 8–11.

## **LEGAL STANDARD**

Under 28 U.S.C. § 1391(b), a case may be brought in the venue (1) where any defendant resides, if all defendants are residents of the state in which the district is located, (2) where a "substantial part of the events or omissions giving rise to the claim occurred," or (3) if there is no other district, in any district where any defendant is subject to the court's personal jurisdiction. If a matter is not brought in the correct venue, the Court may dismiss the case, or, in the interest of justice, transfer the case to the appropriate venue. 28 U.S.C. § 1406(a).

Even where jurisdiction is proper, the Court may transfer an action to any other district or division where it might have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Transfer may be warranted "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge*

*FBL – 585*, 364 U.S. 19, 26–27 (1960)). The Court may flexibly consider a variety of factors in evaluating a § 1404(a) motion to transfer, including

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

## DISCUSSION

Defendant does not dispute that venue is proper in this district, but requests a § 1404(a) transfer in the interest of justice to the District of Montana, as this matter could have been brought there. ECF No. 17. Plaintiff does not dispute that the action could have been brought in the District of Montana. *See* ECF No. 27.

The Court now turns to a flexible, individualized inquiry to determine whether transfer is appropriate. Several considerations weigh against transfer. This district is Plaintiff's choice of forum, which it chose because it has sold at least 20,000 liters per year of distilled spirits in the Spokane area since 2013 and because Defendant has expanded its sales into areas such as Washington. Thus, there are witnesses from Spokane who can testify to the issue of confusion. Moreover, while the Court harbors no doubt that the learned judges in the District of Montana can capably apply Washington law on trademark infringement, the fact remains that this

ORDER DENYING MOTION TO CHANGE VENUE **-** 4

Court is familiar with the law of the state in which it sits.

On the other hand, other considerations weigh in favor of transfer. Defendant has its principal place of business and corporate headquarters in Helena, where decisions on advertisement, marketing, and distribution of products that gave rise to the claims were presumably made. Moreover, the District of Montana has a substantially lower number of civil case filings, which may allow the parties to obtain a more expeditious resolution of Plaintiff's claims. *See* UNITED STATES COURTS, STATISTICAL TABLES FOR THE FEDERAL JUDICIARY tbl.C-1: U.S. District Courts—Civil Cases Commenced, Terminated, and Pending During the 12-Month Period Ending December 31, 2018 (2019), https://www.uscourts.gov/statistics/table/c-1/statistical-tables-federal-judiciary/2018/12/31; *Heller Fin., Inc. v. Midwhey Powder Co*. 883 F.2d 1286, 1293 (9th Cir. 1989) (noting that speedy trials are in the interest of justice).

Further, Defendant's seven identified witnesses, all of whom are employed by Defendant, live and work in Helena, so a subpoena under Federal Rule of Civil Procedure 45(c)(1)(A) is not an available compulsory process for attendance of unwilling[1] witnesses. ECF No. 18 at 5–8.

---

[1] Of course, these witnesses may be designated by the company to testify on its behalf under Rule 30(b)(6).

Overall, some factors are neutral or balanced, such as the ease of access to sources of proof. Moreover, both parties face travel-related inconvenience because there are no direct flights from the parties' respective locations to either the Montana federal courthouse or the Spokane federal courthouse.

Ultimately, the Court concludes that the factors are fairly evenly balanced, and the inconvenience to the parties, witnesses, and the public presents a close call. However, when considering the convenience to witnesses, "the convenience of non-party witnesses is the more important factor." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (quoting *Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y 1990)). The Court considers not only how many witnesses each side may have, but also the relative importance of their testimony. *Id.* There is no question that for a trademark infringement and unfair competition claim, the testimony of "confusion witnesses" is critical. And these non-party witnesses are likely less able to endure litigation-related costs and expenses than a company is.

Moreover, granting a transfer here would appear to simply shift the inconvenience from one party to another. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (affirming a district court's denial of transfer where it would merely shift, as opposing to eliminate, the inconvenience).

Thus, the Court concludes that Defendant did not make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id.*

Accordingly, **IT IS HEREBY ORDERED**:

Defendant Sleeping Giant Beverage Company Inc.'s Motion for Transfer, **ECF No. 17**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 30th day of April 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge